## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ZACKERY GARNETT, et al.,

    Plaintiffs,

    v.

TRANSCHEM, INC., et al.,

    Defendants.

CIVIL ACTION NO. 4:24-cv-00849

(SAPORITO, J.)

### ORDER

Now before the court is a motion for summary judgment by one of the defendants in this case, Saia Motor Freight Line, LLC d/b/a Saia LTL Freight ("Saia"). Doc. 82.

In their second amended complaint, the plaintiffs assert negligence claims against the various defendants, including Saia, arising out of personal injuries suffered due to workplace exposure to mislabeled toxic chemicals. Saia is alleged to have transported the mislabeled toxic chemicals from a vendor to the plaintiff's employer. Two of the other defendants in this action, Jimmy's Trucking, Inc. ("Jimmy's Trucking") and Transchem, Inc. ("Transchem") have asserted crossclaims for indemnification and contribution against Saia.

Saia has filed the instant motion for summary judgment. In its

motion papers, Saia asserts that it transported a shrink-wrapped pallet containing four sealed drums of chemicals from the premises of Jimmy's Trucking to the premises of the plaintiffs' employer, and that Saia was responsible only for confirming that it had received the correct load for shipment and transporting that load to its destination. Saia's driver was not permitted to make any changes to the contents of that load. Based on the foregoing, Saia contends that there is no genuine dispute of material fact, and that it is entitled to judgment as a matter of law on the plaintiffs' negligence claims against it, as well as indemnification and contribution crossclaims asserted against it by Jimmy's Trucking and Transchem.

None of the other parties have filed a brief in opposition to Saia's motion for summary judgment. The plaintiffs have concurred in Saia's motion. *See* Doc. 85. Jimmy's Trucking and Transchem have further indicated that they do not oppose the motion. *See* Doc. 86.[1]

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any

---

[1] One named defendant, Warehouse Goods LLC, remains unserved, and it has not entered an appearance in this action or filed any response to the other parties' pleadings or to Saia's motion for summary judgment. *See generally* Doc. 70.

material fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome
of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A
dispute of material fact is "genuine" only if the evidence "is such that a
reasonable jury could return a verdict for the non-moving party."
*Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all
inferences "should be drawn in the light most favorable to the non-
moving party, and where the non-moving party's evidence contradicts the
movant's, then the non-movant's must be taken as true." *Pastore v. Bell
Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial
responsibility of informing the district court of the basis for its motion,"
and demonstrating the absence of a genuine dispute of material fact.
*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes
such a showing, the non-movant must set forth specific facts, supported
by the record, demonstrating that "the evidence presents a sufficient
disagreement to require submission to the jury." *Anderson*, 477 U.S. at
251–52.

In evaluating a motion for summary judgment, the Court must first

determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary

judgment, to consider evidence that is not admissible at trial).

Here, defendant Saia has moved for summary judgment on the plaintiff's negligence claims and its co-defendant's indemnification and contribution crossclaims. None of those parties have contested the motion. The other parties' failure to actively oppose Saia's motion for summary judgment implicates two local rules, which provide that a party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion," M.D. Pa. L.R. 7.6, and that all material facts set forth in the movant's statement of material facts "will be deemed to be admitted unless controverted" by a counter-statement of material facts by the non-movant, M.D. Pa. L.R. 56.1.

However, the other parties' failure to respond to the motion does not mean that Saia is automatically entitled to summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). These local rules must be construed and applied in a manner consistent with Rule 56 of the Federal Rules of Civil Procedure. *See id.* at 174. Thus, in the context of a motion for summary judgment, a non-movant's failure to file an opposition brief and counter-statement of material facts is "construed as effecting a waiver of [the non-movant's]

right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175–76. The moving party must nevertheless establish that, based on the facts set forth in support of its motion, it is entitled to judgment as a matter of law. *See id.*; *see also Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003) ("Even though the applicable [Middle District of Pennsylvania] local rules provide that a summary judgment motion is to be considered unopposed and its statement of material facts admitted where a responsive brief is not timely filed, the [court] was still required to find that the undisputed facts warranted judgment as a matter of law.") (citations omitted).

In other words, in the absence of active opposition by the non-movant, the two-step, burden-shifting analysis that normally applies on summary judgment is abbreviated to just the first step, requiring the moving party to make a *prima facie* showing that it is entitled to summary judgment, based on the undisputed facts of record. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Upon review of the record before us, we find that Saia has made the requisite *prima facie* showing that it is entitled to judgment in its favor

as a matter of law, based on the undisputed facts of record.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      Saia's motion for summary judgment (Doc. 82) is **GRANTED**;

2.      The clerk is directed to enter **JUDGMENT** in favor of defendant Saia and against the plaintiffs with respect to all claims against Saia asserted in the second amended complaint (Doc. 45);

3.      The clerk is directed to enter **JUDGMENT** in favor of defendant Saia and against defendant Jimmy's Trucking with respect to all claims against Saia asserted in Jimmy's Trucking's crossclaim (Doc. 51);

4.      The clerk is directed to enter **JUDGMENT** in favor of defendant Saia and against defendant Transchem with respect to all claims against Saia asserted in Transchem's crossclaim (Doc. 57); and

5.      The clerk is directed to **TERMINATE** Saia as a party to this action.[2]

Dated: April 30, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge

---

[2] The civil action continues with respect to the plaintiffs' claims against the other defendants and the other defendants' crossclaims.

- 7 -